IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-41473-TJM |
| | ) | |
| TERRY RAY BAIN, | ) | CH. 12 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on confirmation of debtor's amended Chapter 12 plan (Fil. #62) and objections by FSA/USDA (Fil. #63), the Chapter 12 trustee (Fil. #64), and Farmers State Bank of Maywood, Nebraska (Fil. #65). James Nisley appeared for the debtor, James A. Overcash appeared as the Chapter 12 trustee, Tim Thompson appeared for Farmers State Bank of Maywood, Nebraska, and Paul Boeshart appeared on behalf of FSA/USDA.

This cow/calf and horse-breaking/training operation is presently being managed by Lena Swanson, an agent for the debtor who is incarcerated.

The proposed plan has been objected to by Farmers State Bank of Maywood. The bank has presented evidence that its collateral, which includes cows, calves, bulls, and horses, as well as other assets, is declining through the death and disappearance of animals.

The bank, the trustee, and the FSA also object because they question the feasibility of the plan. For example, the annual payment that was due in January 2011 was made by selling heifer calves and none were withheld for breeding purposes. Although Ms. Swanson has testified through a declaration that bred heifers can be purchased to keep the herd growing, there is no evidence that the debtor has any funds available for purchasing bred heifers.

At an inspection held by the bank and three brand inspectors in January 2011, it was apparent that not only were the number of head below what the number had been a year earlier, but there were no bulls with the cows and heifers. Ms. Swanson has recently countered with a brand inspection that shows a total of six bulls, but a bank officer testified that three of the bulls with the debtor's brands were not mature for breeding purposes. The other three bulls claimed by Ms. Swanson were not branded and it could not be determined if they belonged to the debtor.

Ms. Swanson has admitted that two horses are missing. The two sons of the debtor took the horses. One son claims he purchased the horse from his father quite some time ago and has sold it. If so, there has been conversion of bank collateral. That horse is listed on a property list given to the bank concerning the bank's collateral during the past year. The other horse, taken by another son, is still in the possession of that person and does not seem to be treated as if it is collateral of the bank.

The plan proposes, in addition to raising and selling calves, to continue the debtor's business of breaking and training horses. There is no evidence that Ms. Swanson has been doing

so, and there is no evidence that she is capable of doing so. Without breaking, training, and selling horses, they simply become an expense item with regard to feed and care.

Concerning the management of the operation, the evidence is that the owner of land that some of the cows graze on has filed a feed lien because payment was not made as agreed. This fact weighs upon not only management but feasibility.

The plan does not treat the small unsecured claim in accordance with the efficient proposal made by the Trustee and does not provide for attorney fees for the bank, an oversecured creditor.

Finally, the debtor's insurance covering the animals has been canceled as of April 7, 2011, and Ms. Swanson has not provided any proof that substitute insurance has been put in place.

Counsel for debtor argues that as long as the creditors are oversecured, they are adequately protected and should have little to complain about. However, adequate protection is not the only criterion for confirmation. Under 11 U.S.C. § 1225(a)(6), the debtor must be able to make all payments under the plan and comply with the plan. If death losses continue at the same pace as in 2010 and cattle continue to go missing, a smaller number of calves are born each year, horses go missing and insurance is non-existent, the debtor will not be able to comply with the statutory requirements.

Based upon the management practices shown by the evidence, the loss of collateral, the failure to maintain insurance, and the apparent inability to pay a feed debt incurred in the ordinary course of business, I find that the plan is not feasible and confirmation is denied..

IT IS ORDERED: Confirmation of the debtor's amended Chapter 12 plan (Fil. #62) is denied. By May 6, 2011, the debtor shall submit declaration or affidavit evidence which shows how the above-listed deficiencies can be cured by an amended plan. Failure to submit such evidence shall be cause for a denial of an opportunity to file an amended plan and will result in an order of dismissal.

DATED:    April 19, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *James Nisley        James A. Overcash        Paul Boeshart
    Tim Thompson        United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.